**ORIGINAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NEW MEDIUM TECHNOLOGIES LLC, AV TECHNOLOGIES LLC, IP INNOVATION LLC, and TECHNOLOGY LICENSING CORPORATION, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| BARCO N.V., MIRANDA TECHNOLOGIES, LG PHILIPS LCD, LTD., TOSHIBA CORPORATION, TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C., LG ELECTRONICS INC., and SYNTAX-BRILLIAN CORPORATION | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 05 C 5620

Judge Amy St. Eve
Magistrate Judge Cole

JURY TRIAL DEMANDED

**PUBLIC VERSION**

## MOTION TO DISMISS FOR LACK OF STANDING AS TO THE '070 PATENT

**FILED**

ᵁN FEB 2 6 2007

Feb. 26, 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Daniel J. O'Connor
Edward K. Runyan
Attorneys for Defendant Barco, N.V.
Baker & McKenzie
130 E. Randolph
One Prudential Plaza
Chicago, Ill 60601
Ph 312-861-2790

## I.    INTRODUCTION

Defendant Barco N.V. ("Barco") moves to dismiss under Fed. R. Civ. Proc. 12(b)(1) for lack of standing as to the '070 patent.[1]

The case for alleged infringement by Barco of the '070 patent is brought by AV Technologies LLC ("AV"). AV claims standing as "exclusive licensee."[2] This case should be dismissed as to the '070 patent for two independent reasons.

First, the license to AV was entered into after the '070 patent expired, and a license on an expired patent is a legal nullity. Once the patent expired, there was nothing left to license.[3] AV was created the day before the license was signed, and thus the licensee did not even exist at any time during the term of the patent. AV could not have been granted the exclusive right to make, use and sell the invention – something essential for standing to have been conferred - because those rights did not exist when the license was entered into.

Second, the license itself, even if it had pre-dated the expiration of the patent, does not support standing because it does not transfer "all substantial rights" under the '070 patent[4] for the following reasons: (a) the license, is one wherein "the parties did not envision that [the licensee] would practice the patent, but instead that [the licensee] would be involved only in licensing (even though that was no longer possible due to the patent's expiration) and litigation,"[5] and is simply a "hunting license"[6] that "would give the patentee an opportunity without expense to himself to stir up litigation by third parties;"[7] (b) the license restricts the licensee's ability to transfer the license, a feature that is "fatal" to the argument that it confers standing;[8] (c) the license preserves the granting parties' rights to practice the patent, a feature that renders it insufficient to confer standing on AV; (d) the license leaves extant a prior exclusive license to

---

[1] Standing is ordinarily raised in a motion to dismiss under Rule 12(b)(1). *Pelfresne v. Vill. of Lindenhurst*, 2004 U.S. Dist. LEXIS 14176, *19, n. 6 (N.D. Ill. July 23, 2004); a 12(b)(1) motion is a "speaking motion" and can attach materials outside the complaint. *Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir. 1989).

[2] Complaint, par. 5; all Amended Complaints, par. 7 .

[3] *Waterloo Furniture Components v. Haworth*, 467 F.3d 641, 647-648 (7th Cir. 2006).

[4] *Propat Int'l Corp. v. Rpost US, Inc.*, 2007 U.S. App. LEXIS 77 (Fed. Cir. 2007).

[5] *Propat*, U.S. App. LEXIS 77, *18.

[6] See *Prima Tek II v. A-Roo Co.*, 222 F.3d 1372, 1381 (Fed. Cir. 2000)

[7] *Propat*, 2007 U.S. App. LEXIS 77, at *18, quoting *Crown Die & Tool Co. v. Nye Tool & Machine Works*, 261 U.S. 24, 34-36, 43 S. Ct. 254, 67 L. Ed. 516, 1923 (1923).

another party within a defined field, opening the door to multiple suits against the same infringer, another feature that renders the license to AV insufficient to confer standing; (e) the license significantly restricts the licensee's right to grant sublicenses; and (f) the licensor retains a substantial share of the proceeds of litigation.

## II. APPLICABLE LAW

### A. A License On An Expired Patent Is A Legal Nullity And Cannot Confer Standing On A Licensee

A patent is for a term limited by law, and once it expires, there is nothing left to license. A license on an expired patent is a legal nullity. *Waterloo Furniture Components. v. Haworth,* 467 F.3d 641, 647-48 (7th Cir. 2006) ("[O]nce a patent expires, the right to exclude others expires, and the right to make, use, or sell the patented invention becomes 'public property'. Therefore, after a patent's expiration, there is nothing left for the patent holder to license.") (citation omitted) (emphasis supplied)[9]

The *Waterloo Furniture* decision regarding licensing expired patents complements Federal Circuit law on standing to sue for patent infringement, which provides that, to confer standing, a license must, among other requirements, grant the exclusive right to make, use, and sell the invention, and it cannot be one wherein the parties did not envision the licensee would not practice the patent but would only sue to enforce it and license it. *Propat Int'l Corp. v. Rpost US, Inc.,* 2007 U.S. App. LEXIS 77, *18 (Fed. Cir. 2007). If a patent is expired, it is not possible to grant the exclusive right to make, use, and sell the invention, because those rights no longer exist.[10]

---

[8] *Propat,* 2007 U.S. App. LEXIS 77, at *11, citing *Sicom Sys. v. Agilent Techs., Inc.,* 427 F.3d 971, 979 (Fed. Cir. 2005).

[9] Issues pertaining to patent licenses are controlled by the law of the local circuit. *Power Lift v. Weatherford Nipple-Up Sys.,* 871 F.2d 1082, 1085 (Fed. Cir. 1989).

[10] A patentee can sue on an expired patent for damages on sales preceding expiration. However, a post-expiration assignment of a patent would not be effective to confer standing under *Propat,* because nothing would be assigned in such a situation other than the right to sue.

### B. Requirements For Licensee Standing In Patent Cases

#### 1. A license purporting to give standing must convey "all substantial rights" in the licensed patent.

Standing to sue is a threshold requirement in every federal action. *Sicom Sys. v. Agilent Techs. Inc.*, 427 F.3d 971, 975 (Fed. Cir. 2005) Standing must be present at the time the case is filed. *Id.* "The jurisdiction of the lower court depends on the state of things existing at the time the suit was brought." *Minneapolis & S. L. R. Co. v. Peoria & P. U. R. Co.*, 270 U.S. 580, 586, 70 L. Ed. 743, 46 S. Ct. 402 (1926); *Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.5, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992)* (plurality opinion); *Paradise Creations v. U V Sales, Inc.*, 315 F.3d 1304, 1308 (Fed. Cir. 2003).

Once raised, it is the plaintiff's burden to establish standing. "The party bringing the action has the burden of establishing that it has standing." *Sicom Sys.*, 427 F.3d at 976. "Standing is 'an essential and unchanging part of the case-or-controversy requirement of Article III.' The burden to establish standing is on the party invoking federal jurisdiction..." *DH2, Inc. v. United States SEC*, 422 F.3d 591, 596 (7th Cir. 2005), quoting *Lujan*, 504 U.S. at 560. Standing is "jurisdictional and not subject to waiver." *Lewis v. Casey*, 518 U.S. 343, 349, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

The Federal Circuit has recently addressed the requirements for standing in patent cases. *Propat Int'l. Corp. v. Rpost, Inc.*, 2007 U.S. App. LEXIS 77 (Fed. Cir. 2007) Under the Patent Act, the "patentee" is the holder of legal title under the patent and is entitled to bring suit "for infringement of his patent." *Propat*, 2007 U.S. App. LEXIS 77, at *3-4; 35 U.S.C. §281. "[T]he statute requires that the parties to an infringement suit will have the patentee on one side and the accused infringer on the other side. Without the patentee as plaintiff, the remedies provided in the patent statute are unavailable..." *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995) (citations omitted).

A narrow exception to the requirement of holding legal title to the patent has been recognized in limited circumstances, wherein the patentee retains formal title but effectively grants ownership by conveying "all substantial rights in the patent" to the transferee. *Propat*, 2007 U.S. App. LEXIS 77 at *4 ("Even if the patentee does not transfer formal legal title, the patentee may effect a transfer of ownership for standing purposes if it conveys all substantial rights in the patent to the transferee." )

- 3 -

In determining whether an agreement transfers "all substantial rights" under a patent, the court looks not to the title of the agreement but to "the legal effect of its provisions". *Waterman v. Mackenzie*, 138 U.S. 252, 256, 11 S. Ct. 334, 34 L. Ed. 923, 1891 Dec. Comm'r Pat. 320 (1891); *Propat*, 2007 U.S. App. LEXIS 77 at *5; *Ortho Pharm.*, 52 F.3d at 1030 ("Courts look to the substance of an agreement to determine whether it has the effect of an assignment and thus, satisfies the statutory requirement that the 'patentee' must sue.") "Each license and assignment is unique," and therefore the court must look to the specifics of the agreement itself to determine if it grants "all substantial rights" so as to confer standing on the grantee. *Sicom Sys.*, 427 F.3d at 976. "The use of the word 'exclusive' is not controlling; what matters is the substance of the arrangement." *Textile Prods. Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998) Standing to sue "depends entirely" on the putative plaintiff having a proprietary interest in the patent. *Prima Tek II v. A-Roo Company*, 222 F.3d 1372, 1381 (Fed. Cir. 2000).

It has long been recognized that the grant of a right to sue for infringement, without transferring proprietary interest, is insufficient to provide standing for an exclusive licensee to sue in its own name. *Propat*, 2007 U.S. App. LEXIS 77 at *11-12, citing *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 474-75, 46 S. Ct. 166, 70 L. Ed. 357, 1926(1926); *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 35-36, 43 S. Ct. 254, 67 L. Ed. 516 (1923); *Ortho Pharm.*, 52 F.3d at, 1034 ("A patentee may not give a right to sue to a party who has no proprietary interest in the patent.").

The patentee is not allowed to grant a license that is merely "a hunting license." *Prima Tek II*, 222 F.3d at 1381. The right to sue for patent infringement is not like an ordinary chose in action that may be freely sold or transferred. *Crown Die & Tool Co., 261 U.S. at 40*.

The grant of an exclusive right to make, use, and sell the invention is essential to confer standing on any licensee. *Crown Die & Tool Co.*, 261 U.S. at 38; *Indep. Wireless Tel. Co.*, 269 U.S. at 467, citing *Waterman*, 138 U.S. at 255.

If it appears from the agreement that there was no intention that the licensee would practice the patent, but would only sue for infringement and grant sublicenses, then the license does not confer standing to sue. *Propat*, 2007 U.S. App. LEXIS 77, *18. In *Propat*, the agreement provided for the right to sue for infringement and a sharing in the proceeds of litigation, but was silent as to the right to make and use the invention, expressly or otherwise: "[I]t appears from the agreement that the parties did not envision that Propat would practice the

- 4 -

patent, but instead contemplated that Propat would be involved only in licensing and litigation. The agreement is accordingly silent as to Propat's rights to practice the patent, whether expressly or otherwise, and focuses instead on Propat's rights to license the patent and sue for infringement." *Id* at 18.

The Federal Circuit looked for guidance to the Supreme Court's decision in *Crown Die & Tool*, supra. In that case, the Supreme Court refused to recognize a conveyance of a right to sue for infringement separate from a conveyance of a proprietary interest in the patent. See discussion, *Propat*, 2007 U.S. App. LEXIS 77, at *18-19. The Supreme Court explained that, if it were possible to separate ownership of the patent from the right to sue for infringement, "it would give the patentee an opportunity without expense to himself to stir up litigation by third parties." *Propat*, at * 19, quoting *Crown Die & Tool*, 261 U.S. at 39. Following the reasoning in *Crown Die & Tool*, the Federal Circuit in *Propat* held that the agreement did not confer standing, and the case must be dismissed for lack of jurisdiction. *Propat*, 2007 U.S. App. LEXIS 77, at *20.

Another critical factor on the issue of standing is a restraint on the transferability of the license. "The right to dispose of an asset is an important incident of ownership, and such a restriction on that right is a strong indicator that the agreement does not grant Propat all substantial rights under the patent." *Propat*, 2007 U.S. App. LEXIS 77, at *10-11. A restraint on the transferability of the rights under an agreement is "fatal" to the argument that the agreement transferred all substantial rights under the patent. *Propat*, 2007 U.S. App. LEXIS 77, at *11, citing *Sicom Sys.*, 427 F.3d at 979.

A license that is exclusive to all other parties but permits the licensor to make, use, or sell the invention, is a conveyance of less than "all substantial rights" and does not confer standing to sue on the exclusive licensee. *Waterman* 138 U.S. at 256; *Prima Tek II*, 222 F.3d at 1379-80; *Pfizer, Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352, 1373 (D. Del. 1993). This is true, even if the grantor's right to use the patent is subject to paying a royalty to the grantee. *Crown Die & Tool*, 261 U.S. at 520 ("In *Gaylor v. Wilder*, 10 How. 477, it was held that the grant of an exclusive right to make and vend an article within a certain territory upon paying to the assignor a cent per pound, reserving to the assignor the right to use and manufacture the article by paying the assignee a cent per pound, was only a license and that a suit for the infringement of the patent right must be brought in the name of the assignor.")

- 5 -

Restrictions on the right to grant sublicenses are also important in determining whether an exclusive license confers standing to sue. *Propat*, 2007 U.S. App. LEXIS 77, at *10; *Prima Tek II*, 222 F.3d at 1380 ("A licensee's right to sub-license is an important consideration in evaluating whether a license agreement transfers all substantial rights."); *Sicom Systems,*, 427 F.3d at 979.

Some agreements provide that the licensor or assignor retains a portion of what the exclusive licensee or assignee may recover in suing for infringement. This, in and of itself, does not render the agreement insufficient to confer standing. See *Rude v. Westcott*, 130 U.S. 152, 162-63, 9 S. Ct. 463, 32 L. Ed. 888 (1889) (assignor retained one fourth (25%) of recoveries); *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875 (Fed. Cir. 1991) (patent holder retains damages on 5% of infringing sales). However, when the patent owner retains "a substantial share of the proceeds", this is consistent with no licensee standing because it indicates the patent owner retained ownership of the patent, while allocating to the licensee licensing and enforcement services. *Propat*, 2007 U.S. App. LEXIS 77, at *9-10.

If the licensor retains the right to prosecute related patent applications, this is an indication that the licensor retained rights to use the invention. This indicates that the agreement does not transfer "all substantial rights" for purposes of conferring standing on the licensee. *Propat*, 2007 U.S. App. LEXIS, at *8.

### 2. Dismissal is required when constitutional standing is lacking.

When a case is brought by a party lacking "constitutional standing," the case must be dismissed. A restraint on the right to transfer the interest in the patent indicates a lack of "constitutional standing". *Propat*, 2007 U.S. App. LEXIS 77, at * 20 (holding dismissal is necessary); *Sicom Systems*, 427 F.3d at 980 (affirming dismissal of suit brought by exclusive licensee lacking standing); *Textile Prod.*, 134 F.3d at 1484 ("In this case, Textile asserts that it is an exclusive licensee – not an assignee – yet it seeks to bring an action in its own name. Normally, this alone would be sufficient grounds to dismiss Textile's infringement claim."); *AFGE Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999) ("Obviously, if a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate disposition.")

- 6 -

**III.   TRANSFERS OF "EXCLUSIVE" RIGHTS UNDER THE '070 PATENT**

    **A.**    **Exclusive License Agreement By Cooper To Pixel.**

<br>

**REDACTED**

<br>

    **B.**    **Exclusive License Agreement By Pixel To TLC**

<br>

**REDACTED**

**REDACTED**

C.    **Exclusive License Agreement To IP Innovation LLC**

**REDACTED**

D.    **License Agreement To AV Technologies LLC**

**REDACTED**

---

[11] References herein to "Exh." are to exhibits to the Declaration of Daniel J. O'Connor filed in support of this motion.
[12] See Plaintiff's Response To Barco's L.R. 56.1 Statement in Support of Motion for Summary Judgment of Non-Infringement of the '070 Patent, No. 33, filed Jan. 17, 2007.

REDACTED

REDACTED

REDACTED

## IV. AV LACKS STANDING

### A. AV Lacks Standing Because Its "Exclusive License" Was Entered Into After The '070 Patent Expired

Because the '070 patent expired on Feb. 25, 2003, the license to AV dated Nov. 12, 2004 is a legal nullity as it relates to the '070 patent. There were no '070 patent rights to license at the time the license was entered into. As the Seventh Circuit has held, "after a patent's expiration, there is nothing left for the patent holder to license." *Waterloo Furniture Components, Ltd.*, 467 F.3d at 647-48 (emphasis supplied).

Moreover, in order to confer standing on a licensee, an exclusive license must grant the exclusive right to make, use, and sell the patented invention. *Propat*, 2007 U.S. App 77, at *14. The license to AV did not grant by its terms, and could not have granted in any event, the exclusive right to make, use and sell the inventions of the '070 patent, because those rights no longer existed. AV was created the day before the license was entered into. AV could never have held the exclusive rights to make, use, and sell the invention, or the exclusive right to exclude others from practicing the invention, because AV did not even exist when those rights existed.

### B. In Any Event, The "Exclusive License" To AV Is Insufficient To Confer Standing On AV

## REDACTED

- 10 -

REDACTED

REDACTED

REDACTED

- 11 -

REDACTED

REDACTED

REDACTED

**REDACTED**

**REDACTED**

## V.     THE CASE SHOULD BE DISMISSED AS TO THE '070 PATENT

Because standing is a necessity for jurisdiction, lack of constitutional standing results in dismissal. *Paradise Creations*, 315 F.3d at 1309. Standing must be present from the beginning of a case, and it is determined by the facts at the beginning of the case. See *Sicom Sys.*, 427 F.3d at 975; *Paradise Creations*, 315 F.3d at 1308.

In this case, from the beginning, the only party suing for infringement of the '070 patent has been AV, and AV's only basis for standing is as exclusive licensee. Complaint, par. 5, and

- 13 -

all amended complaints, par. 7. AV did not have standing when the case was filed, and AV does not have standing today.

It is AV's burden to establish standing. *Sicom Sys. Ltd.*, 427 F.3d at 976. "Standing is 'an essential and unchanging part of the case-or-controversy requirement of Article III.' The burden to establish standing is on the party invoking federal jurisdiction..." *DH2, Inc.*, 422 F.3d at 596, quoting *Lujan*, 504 U.S. at 560. AV cannot meet that burden. AV did not even exist during the term of the patent it is suing on.

Standing, when not present at the beginning of the case, is lacking for constitutional purposes and it cannot be created retroactively by amending to add a party. *Propat*, 2007 U.S. App. LEXIS 77, at \*20. When a case is brought by a party lacking constitutional standing, the case must be dismissed. *Propat*, 2007 U.S. App. LEXIS 77, at \*20; *Sicom Systems*, 427 F.3d at 980 (affirming dismissal of suit brought by exclusive licensee lacking standing); *Textile Prod., Inc.*, 134 F.3d at 1484 ("In this case, Textile asserts that it is an exclusive licensee – not an assignee – yet it seeks to bring an action in its own name. Normally, this alone would be sufficient grounds to dismiss Textile's infringement claim."); *Lans v. Digital Equipment Corp*, 252 F. 3d 1320 (Fed. Cir. 2001) (affirming dismissal and denial of leave to amend, when plaintiff lacked standing); *AFGE Local 2119*, 171 F.3d at 465. ("Obviously, if a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate disposition.)

Moreover, in this instance the dismissal should be with prejudice. The case for alleged infringement by Barco has been fundamentally flawed from the outset. Plaintiff's original theory of infringement, tied to Barco's use of the Sony CXD2024 IC, is frivolous, because Sony was licensed under the '070 patent. The only other basis for infringement that has been put forth is infringement by sale of the BG4000 projector, on the basis that it contained an allegedly infringing IC made by NEC, is also frivolous, because the BG4000 was made by Panasonic, and Panasonic and its customers (including private-label customers such as Barco) have been given a release under the '070 patent. The case against Barco on the '070 patent lacked standing from the beginning and thus lacked jurisdiction, and it was based on a theory of infringement that was frivolous. The court has the authority to dismiss with prejudice when the case lacks standing. *Sicom Sys.*, 427 F.3d at 980 (affirming dismissal with prejudice of claim for patent infringement by licensee lacking standing); *Textile Products*, 134 F.3d at 1486 (remanding, instructing the trial

- 14 -

court to dismiss with prejudice claim for patent infringement brought by licensee lacking standing)

## VI.   CONCLUSION

The case should be dismissed as to the '070 patent, because the party suing for infringement, AV, lacked constitutional standing.   AV lacks standing because the license agreement on which it relies was entered into after the patent expired.   Moreover, even if the license had been entered into before expiry of the patent, the rights conveyed therein are insufficient to create standing in AV.

Dated: _Feb. 26, 2007_

Respectfully submitted,


Daniel J. O'Connor
Edward K. Runyan
Baker & McKenzie
130 E. Randolph Drive
Chicago, Illinois 60601
(312) 861-8000