IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEW MEDIUM TECHNOLOGIES LLC, AV TECHNOLOGIES LLC, IP INNOVATION LLC, and TECHNOLOGY LICENSING CORPORATION | ) ) ) ) ) | No. 05 C 5620 |
| Plaintiffs, vs. | ) ) ) | Judge Amy St. Eve Magistrate Judge Cole |
| BARCO N.V., MIRANDA TECHNOLOGIES, LG PHILIPS LCD, TOSHIBA CORPORATION, TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C., and SYNTAX-BRILLIAN CORPORATION, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION TO COMPEL
<u>DEPOSITION TESTIMONY FROM THE TOSHIBA DEFENDANTS</u>**

# TABLE OF AUTHORITIES

**Page**

*Afram Export Corp. v. Metallurgiki Halyps,*
*S.A.*, 772 F.2d 1358 (7th Cir. 1985) .................................................................. 6

*In Re Air Crash at Taipei, Taiwan*,
2001 U.S. Dist. LEXIS 19981 (C. D. Cal. 2001) .................................................. 9

*Bro-Technology Corp. v. Thermax, Inc.*,
2006 U.S. Dist. LEXIS 83335 (E.D. Penn. 2006) ................................................ 6

*Cadent, Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625 (C.D. Cal. 2005) ...................... 6

*Continental Federal S&L Ass'n. v. Delta Corp.*,
71 F.R.D. 697, 701 (W.D. Okl. 1976) ............................................................... 12

*Custom Form Manufacturing, Inc. v. Omron Corp.*,
196 F.R.D. 333 (N.D. Ind. 2000) ..................................................... 4, 6, 7, 9, 12

*Dean Foods Co. v. Eastman Chemical Co.*,
2001 U.S. Dist. LEXIS 25447 (N.D. Cal. 2001) ............................................ 4, 11

*Finance General Bankshares, Inc. v. Lance*,
80 F.R.D. 22 (D.C. 1978) ................................................................................... 8

*Great Lakes Dredge & Dock Co. v. Harnischfeger Corp.*,
1990 U.S. Dist. LEXIS 12843 (N.D. Ill. 1990) ..................................................... 6

*Grotrian Helfferich, et al. v. Steinway & Sons*,
54 F.R.D. 280, 281 (S.D.N.Y. 1981) ................................................................. 12

*In Re Honda American. Motor Co., Inc.*,
168 F.R.D. 535 (D. Md. 1996) ............................................................................ 4

*IP Innovation, et al. v. Sharp Corporation*, 219 F.R.D. 427 (N.D. Ill., 2003) ......... 5

*P.H. International Trading Co. v. Christina Confezioni S.p.a.*,
2004 U.S. Dist. LEXIS 19191 (N.D. Ill. 2004) ......................................... 4, 6, 7, 12

*R.F. Barron Corp. v. Nuclear Fields (Australia) Pty, Ltd.*,
1992 U.S. Dist. LEXIS 13067 (N.D. Ill. 1992) ................................................ 8, 13

*Resolution Trust Corp. v. Worldwide Insurance Mgt. Corp.*,
147 F.R.D. 125 (N.D. Tex. 1992) ........................................................................ 6

*Seuthe v. Renwal Products, Inc.*,
38 F.R.D. 323, 325 (S.D.N.Y. 1965) .................................................................. 12

*Societe Nationale Industrielle Aerospatiale v. U.S. District Court for the
S.D. of Iowa*, 482 U.S. 522 (1987)(*quoting* Fed. R. Civ. P. 1) .............................. 3

*South Seas Catamaran, Inc., v. Motor Vessel "Leeway"*,
120 F.R.D. 17 (D. NJ 1988), *aff'd* 993 F.2d 878 (3d Cir. 1993) ............................ 9

*Sugarhill Records, Ltd. v. Motown Record Corp.*,
105 F.R.D. 166 (S.D.N.Y. 1985) .......................................................................... 9

*In Re Vitamins Antitrust Litigation*,
2001 U.S. Dist. LEXIS 24025 (D.D.C. 2001) ...................................................... 11

## MISCELLANEOUS

8A Wright & Miller, <u>Federal Practice and Procedure</u>, 2112 at 75 ........................ 11

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................... 1

II. JUDICIAL ECONOMY, AMONG OTHER FACTORS, FAVORS THIS
JUDICIAL DISTRICT AS THE LOCATION FOR THE DEPOSITIONS ...... 3

    A. Conducting the Depositions Outside of the U.S Compromises This
Court's Ability to Intervene ............................................................ 4

        1. Toshiba Continues To Withhold Relevant Infringement
Documents ............................................................................... 4

        2. Forcing Plaintiffs To Go To Toshiba Is An Unfair Burden ..... 6

    B. Judicial Economy Dictates That The ................................................ 7

    C. Conducting Depositions In Japan .................................................... 10

    D. Toshiba's Witnesses Should Testify ............................................... 11

III. PLAINTIFFS ARE WILLING TO SHARE THE COSTS OF BRINGING
WITNESES TO CHICAGO ....................................................................... 12

IV. CONCLUSION ........................................................................................ 13

**I.      INTRODUCTION**

On March 5, 2007 Plaintiffs noticed and served deposition notices pursuant to Fed. R. Civ. P. 30(b)(6) upon defendant Toshiba Corporation, defendant Toshiba America Corporation (collectively "Toshiba") and, pursuant to Fed. R. Civ. P. 30(b)(1), upon four individuals identified by the Toshiba defendants in their Rule 26 disclosures. Plaintiffs noticed these depositions for consecutive business days beginning April 2 and running through April 9.  To date, neither of the Toshiba defendants has served any opposition or objection to these six deposition notices.

After service of the deposition notices, Toshiba's counsel informed Plaintiffs' counsel by e-mail that Toshiba requires Japanese/English interpreters for each witness. More importantly, Toshiba declared it expects the depositions of Toshiba Corporation's as yet unidentified Rule 30(b)(6) designees, as well as the individuals noticed for deposition due to their identification by the Toshiba defendants as persons with knowledge, to proceed in Tokyo, Japan.  Toshiba's counsel also insists that the Rule 30(b)(6) deposition of Toshiba America proceed in New Jersey.  This is the first time Plaintiffs learned of Toshiba's position on a Japanese location for depositions.  Given the most pertinent factors to determine the location of depositions, neither of these locations makes any sense.

The interests of judicial economy favor conducting these depositions within this judicial district.  It is illegal to take a deposition for a U.S. lawsuit on Japanese soil; all depositions must take place in the U.S. Embassy or at a U.S. consulate.  Toshiba's specified location, the U.S. Embassy in Tokyo, has *no* dates available for deposition between now and the close of discovery.  (Declaration of Paul C. Gibbons at ¶ 2 and

1

Exhibit A) The U.S. consulate in Osaka is little better; of its two deposition rooms, one is booked through the close of discovery and the smaller room is limited to consecutive days only during the last two weeks of discovery. (Declaration of Paul C. Gibbons at ¶ 3). Even were these plausible options, it still makes no sense to cause sets of lawyers, as well as documents, a Japanese/English interpreter, a court reporter, and a videographer to travel out of the country when all but the witnesses are already located here. As well, and as Plaintiffs have informed Toshiba's counsel, Plaintiffs are willing to share the costs for Toshiba's Rule 30(b)(6) designee(s) to come to Chicago for deposition.

Plaintiffs expect discovery disputes will arise during these depositions, as Toshiba has refused to provide complete discovery in response to Plaintiffs' discovery requests. Conducting depositions many time zones distant will make it difficult to contact the Court and will compromise its ability to intervene in any such dispute. As well, Toshiba's refusal to discuss settlement indicates that its counsel is focused upon taking this case to trial, and serves as another indicator of potential discovery disputes. Finally, all parties have retained counsel within this judicial district, here in Chicago. On February 28, 2007 Toshiba had a new set of out-of-state counsel file appearances (Docket Nos. 223 and 224), but their location (Seattle) should have no bearing upon where these depositions should proceed.

One final, important point to note is that Toshiba availed itself of this judicial district by filing several declaratory judgment claims before this Court. These declaratory judgment claims will comprise a large part, if not most, of the subject matter covered by these depositions. Toshiba cannot have it both ways – receiving unfettered

discovery of Plaintiffs pursuant to the Federal Rules while forcing Plaintiffs to succumb to a restrictive, inefficient and wasteful process thousands of miles and fourteen time zones distant.

On March 20, 2007 counsel for Plaintiffs, Paul C. Gibbons, conferred telephonically with Todd Fairchild of Dorsey & Whitney pursuant to Local Rule 37.2. The parties were unable to resolve the dispute over deposition location. In a further effort to resolve this dispute, counsel for Plaintiffs offered to have Plaintiffs split the travel costs for Toshiba's designee(s) to travel to Chicago for deposition. Counsel for Toshiba declined this offer.

**II.  JUDICIAL ECONOMY, AMONG OTHER FACTORS, FAVORS THIS JUDICIAL DISTRICT AS THE LOCATION FOR THE DEPOSITIONS**

The United States possesses an "overriding interest" in the "'just, speedy and inexpensive determination' of litigation in our courts." Societe Nationale Industrielle Aerospatiale v. U.S. District Court for the S.D. of Iowa, 482 U.S. 522, 543 (1987) (*quoting* Fed. R. Civ. P. 1). Toshiba's refusal to bring its Rule 30(b)(6) designees to the United States for deposition, and instead force Plaintiffs to incur the time and expense associated with traveling to Japan to conduct the depositions, is a direct affront to this mandate.

Courts generally use five factors to determine whether designees of foreign corporations should be deposed in the Untied States. These comprise (1) the expense of the witness coming to the United States compared to that of the parties' counsel and others such as interpreters, reporters and videographers traveling to the foreign country; (2) if the designees otherwise travel to the United States on business; (3) the ability of the court to effectively intervene and resolve discovery disputes if the deposition takes

3

place overseas; (4) which deposition location would be most expeditious for the progress of the litigation, including constraints on discovery in the foreign country; and (5) whether it would be unfair to the deposing party to limit its discovery to depositions abroad while the defendant-deponent freely conducts discovery pursuant to the Federal Rules in the United States. Dean Foods Co. v. Eastman Chemical Co., 2001 U.S. Dist. LEXIS 25447, *16-17 (N.D. Cal. 2001) (*citing* In Re Honda American. Motor Co., Inc., 168 F.R.D. 535, 539 (D. Md. 1996) (requiring Japanese designees of defendant to travel to the United States for depositions). *See also*, Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333, 336-37, 338 (N.D. Ind. 2000)(compelling Japanese designees to appear for deposition in Chicago); P.H. Int'l Trading Co. v. Christina Confezioni S.p.a., 2004 U.S. Dist. LEXIS 19191, *4-8 (N.D. Ill. 2004)(granting motion to compel Rule 30(b)(6) deposition in Chicago). Set forth below, this analysis favors Plaintiffs' request to conduct the depositions here in Chicago.

### A. Conducting the Depositions Outside of the U.S. Compromises This Court's Ability to Intervene

Toshiba insists that any deposition of its employees take place in Tokyo. (Exhibits C and D, March 9, 2007 and March 14, 2007 e-mails from Paul T. Meiklejohn). Toshiba America insists upon New Jersey for its Rule 30(b)(6) designees. Both defendants are represented by the same counsel. Toshiba's discovery conduct thus far in this case gives Plaintiffs grave concern about how these depositions will proceed.

#### 1. Toshiba Continues To Withhold Relevant Infringement Documents

Toshiba's attitude towards discovery so far in this case is simple; deny Plaintiffs access to any of the key infringement documents concerning Toshiba's products. Toshiba made its only production in this case in November 2006 with self-imposed

4

restrictions on what it would and would not produce to Plaintiffs. (Exhibit E, November 16, 2006 letter from Paul T. Meiklejohn to Douglas M. Hall at 2).

This Toshiba tactic, akin to its co-defendant Barco's failed strategy, parallels an argument which was previously attempted, unsuccessfully, in a prior case in this jurisdiction. IP Innovation, et al. v. Sharp Corporation, 219 F.R.D. 427 (N.D. Ill., 2003). In the Sharp case, Sharp refused to produce documents regarding certain of its products it believed were not identified by Plaintiffs on the basis that the "request is overbroad and imposes an undue burden because it does not include claim limitations that were added to overcome prior art." Id. at 429. In rejecting Sharp's argument, the Court held:

> Sharp's objection is overruled. **The information sought by plaintiffs is relevant to their infringement allegations and specifically, to determining whether additional Sharp products or systems infringe**.

Id. at 429 (emphasis added).

Like Sharp, Toshiba takes the position that it should not be required to produce information that is relevant to Plaintiffs' infringement allegations. Like Sharp, Toshiba provides no legal authority for such a claim, because there is no case that states that a plaintiff cannot add to its infringement allegations through the discovery process or seek broader discovery to prove its infringement contentions. In fact, this is something which is done all the time – if the Plaintiffs had all of the relevant information for any possible Toshiba infringing product, discovery would be pointless. Toshiba's stance so far in discovery is highly troubling and leads Plaintiffs to believe that these depositions will be highly contentious. Therefore Plaintiffs believe it is very important for these depositions

to take place within this judicial district to ensure that the parties have access to the Court while Plaintiffs conduct the depositions.

## 2. Forcing Plaintiffs To Go To Toshiba Is An Unfair Burden

Given the time change and distance between Chicago and Japan, forcing plaintiffs to depose Toshiba witnesses overseas will compromise the Plaintiffs' ability to take a full and fair deposition of Toshiba in this case. Conducting such depositions in a foreign country also compromises the Court's ability to intervene and resolve discovery disputes which will arise during the course of the depositions. All of this can be avoided by conducting the depositions here in this judicial district. Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333, 336-37 (N.D. Ind. 2000)("the best way to avoid sovereignty issues that might otherwise arise, is to compel that the Rule 30(b)(6) depositions of defendants' employees take place in the United States."); *citing* Afram Export Corp. v. Metallurgiki Halyps, S.A. 772 F.2d 1358 (7th Cir. 1985).

Courts in this district have compelled the depositions of foreign designees here in Chicago. P.H. Int'l Trading Co. v. Christina Confezioni S.p.a., 2004 U.S. Dist. LEXIS 19191, *8 (N.D. Ill. 2004)(granting motion to compel Rule 30(b)(6) deposition in Chicago); Great Lakes Dredge & Dock Co. v. Harnischfeger Corp., 1990 U.S. Dist. LEXIS 12843, *9 (N.D. Ill. 1990) (sustaining plaintiff's motion to compel discovery and ordering defendant to produce noticed parties for depositions). Other courts agree. Bro-Tech Corp. v. Thermax, Inc., 2006 U.S. Dist. LEXIS 83335, *10-13 (E.D. Penn. 2006)(Ordering Rule 30(b)(6) as well as select individual depositions occur in Pennsylvania, where the case is pending, not India); Cadent, Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 630 (C.D. Cal. 2005) (granting motion to compel Rule 30(b)(6), corporate officers and an employee's depositions in Los Angeles, not Israel); Resolution

Trust Corp. v. Worldwide Ins. Mgt. Corp., 147 F.R.D.125, 127-28 (N.D. Tex. 1992)(denying defendant's efforts to force deposition in England, ordering deposition to take place in Dallas, Texas).

Toshiba's refusal to provide full and complete discovery responses to Plaintiffs' requests gives Plaintiffs cause for concern. Plaintiffs submit that conducting these depositions of Toshiba witnesses in this judicial district is the best and most efficient option.

> **B.    Judicial Economy Dictates That The Depositions Take Place In This Jurisdiction**

Until three weeks ago, Toshiba's only counsel in this case was located here, in Chicago. Plaintiffs' only counsel is likewise located in Chicago and all of the documents responsive to the various discovery requests made in this case and produced to date are located in Chicago. While this should not be a sole reason for requiring the depositions of Toshiba's witnesses to take place in this judicial district, it does highlight how insensible it would be to require multiple sets of lawyers, and documents, as well as a Japanese/English translator, a court reporter and a videographer to travel from Chicago to Japan for the depositions of Toshiba's witnesses, as Toshiba's counsel now demands.

Conducting the Toshiba depositions in Chicago promotes judicial economy. P.H. Int'l Trading Co. v. Christina Confezioni S.p.a., 2004 U.S. Dist. LEXIS 19191, *5 (N.D. Ill. 2004)("corporate defendants are frequently deposed in places other than the location of their principal place of business, especially when the deposition site is the forum most convenient to all parties and that which best serves the general interests of judicial economy.")(*Quoting* Custom Form Mfg., Inc., 196 F.R.D. at 338). As the P.H. Int'l

Trading Court reasoned, "both parties' attorneys are located in Chicago…both parties will incur lodging and expenses for their attorneys…" as well as a court reporter, videographer and a Japanese/English interpreter, and "that by ordering the deposition to be taken here, the court avoids any sovereignty issues in the event a dispute arises and the court is asked to intervene." Id. at *5-6, n1 and n2. (*Citing* Fin. Gen. Bankshares, Inc. v. Lance, 80 F.R.D. 22, 23 (D.C. 1978) ("defendants having to appear for depositions at the place of trial are not unusual")).

In fact, given the time and financial resources both parties will expend sending lawyers, Toshiba's requested Japanese/English translator, a court reporter, a videographer, as well as multiple sets of documents overseas, it simply makes sense to have the Toshiba witnesses travel to Chicago. The expedition Toshiba wishes to force upon Plaintiffs will easily run into the tens of thousands of dollars in disbursement expenses alone, all of which is multiplied by the fact that those traveling to Japan cannot just arrive one day, conduct the depositions the next and then leave. The delays and uncertainties associated with "the taking of defendants' depositions abroad would not appear to promote a just, speedy and inexpensive resolution of this litigation." R.F. Barron Corp. v. Nuclear Fields (Australia) Pty, Ltd., 1992 U.S. Dist LEXIS 13067, *4 (N.D. Ill. 1992).

By comparison, the time and financial expense of one or two individuals (Plaintiffs are not yet sure how many as Toshiba has refused to identify its designees) traveling is certainly far less than forcing between four and six lawyers and other necessary personnel, equipment and documents to make the journey.

Moreover, Toshiba is a multinational corporation, one of the biggest in the world, with a United States subsidiary. Obviously its representatives travel frequently to the U.S. – presumably it could pick dates in the next four months of discovery that coincide with one of these trips. Toshiba has not and cannot show any hardship, financial or otherwise, which will arise out of flying its designee(s) to the United States for deposition. In Re Air Crash at Taipei, Taiwan, 2001 U.S. Dist. LEXIS 19981, *30-32 (C. D. Cal. 2001)(denying defendant corporation's motion for a protective order requiring Rule 30(b)(6) depositions noticed for united States to occur in Singapore). Indeed, "courts have often required corporate defendants to produce their officers or agents for depositions at locations other than the corporation's principal place of business where there has been no showing that the defendant will suffer any resulting financial hardship." South Seas Catamaran, Inc., v. Motor Vessel "Leeway", 120 F.R.D. 17, 21 n.5 (D. NJ 1988), *aff'd* 993 F.2d 878 (3d Cir. 1993).

As well, "[c]orporate defendants are frequently deposed in places other than the location of their principal place of business, especially when the deposition site is the forum most convenient to all parties and that which best serves the general interests of judicial economy." Custom Form Mfg., Inc., 196 F.R.D. at 338. (Citing Sugarhill Records, Ltd. v. Motown Record Corp., 105 F.R.D. 166, 171 (S.D.N.Y. 1985)("Motown is a large corporation and cannot seriously contend that travel on behalf of the corporation by one of its managing agents is unexpected or that such travel…for deposition imposes a severe burden upon it."). Such is the case here with Toshiba.

### C. Conducting Depositions In Japan Is A Burdensome, Time-Consuming Process

Taking deposition testimony in Japan is not even close to the simple process it is in the United States. Courts have referred to the procedures Toshiba wishes to force Plaintiffs to undertake as "daunting:"

For each witness the plaintiffs must:

1) Contact the consulate in Osaka to find out what dates are available. There are only two meeting rooms in the consulate and the largest holds only fifteen people;

2) Make an initial reservation for the preferred dates;

3) Submit a certified check for the $400 reservation fee;

4) Petition the court for a commission to take the depositions on the specified date;

5) Transmit a certified copy of the commission to the consulate naming all the persons to be deposed, and of all who will p participate;

6) Prepay in full the required consular fee of $200 per day;

7) Each attorney who will attend the deposition must obtain a special visa issued by the Japanese government to conduct depositions in Japan, which can be issued only after the consulate confirms that it is ready to proceed with the depositions;

8) Arrange for stenographers, videographers and interpreters; Japanese court reporters are extremely rare and therefore heavily booked. American court reporters are prohibited from working in Japan without a permit;

9) Be prepared to sign the transcript in the presence of the consular officer.

Consular facilities and staff are available only on weekdays and not on holidays, during the lunch hour or after closing: basically for a seven hour day.

> These requirements constitute a substantial obstacle to the smooth conduct of proceedings.

Dean Foods Co. v. Eastman Chemical Co., 2001 U.S. Dist. LEXIS 25447, *23-24 (N.D. Cal. 2001); In Re Vitamins Antitrust Litigation, 2001 U.S. Dist. LEXIS 24025, *34-35 (D.D.C. 2001)(reviewing the "sizeable procedural impediment" of the detailed requirements of taking depositions in Japan and ordering Rule 30(b)(6) depositions to take place in Washington D.C.).

Here, Toshiba's first choice of deposition location, the U.S. Embassy in Tokyo, is unavailable through the close of discovery. (Exhibit A, download from United States Embassy website). The U.S. consulate in Osaka, several hours away by train, is not any better; its large room is likewise booked beyond the close of discovery and the smaller room will not have the necessary consecutive days available until shortly before the close of discovery in July. (Declaration of Paul C. Gibbons at ¶ 3). "Instead, the taking of these depositions in Chicago appears to be the more expeditious alternative." R.F. Barron Corp. v. Nuclear Fields (Australia) Pty, Ltd., 1992 U.S. Dist LEXIS 13067, *4 (N.D. Ill. 1992) (Denying defendants' motion for protective order requiring depositions be taken in Holland and Australia).

### D. Toshiba's Witnesses Should Testify Where Toshiba's Declaratory Judgment Claims Were Brought

Toshiba's refusal to produce its witnesses in this judicial district is also at odds with the fact that Toshiba seeks declaratory relief that Plaintiffs' patents are invalid, unenforceable and not infringed. (Docket Nos. 122, 123). Courts have long held that a party voluntarily selecting a forum will be "required to make [itself] available for examination in the district in which suit was brought." 8A Wright & Miller, Federal

Practice and Procedure, § 2112 at 75. This rule, which arises in connection with depositions, is designed to prevent "the extraordinary expense and burden of traveling to a foreign country," and is not broken "except on a showing of burden and hardship to the plaintiff. Grotrian Helfferich, et al. v. Steinway & Sons, 54 F.R.D. 280, 281 (S.D.N.Y. 1981); Seuthe v. Renwal Products, Inc., 38 F.R.D. 323, 325 (S.D.N.Y. 1965) (denying motion to quash a New York deposition subpoena for a foreign plaintiff, noting that financial hardship was no excuse); Continental Federal S&L Ass'n v. Delta Corp., 71 F.R.D. 697, 701 (W.D. Okl. 1976) (denying defendant's motion to quash taking of a Rule 30(b)(6) deponent in the forum in which its permissive counterclaim was brought, noting that defendant's position in regard to the permissive counterclaim "is the same as that of a Plaintiff which has chosen the forum in which the action is pending").

It is patently unfair for Toshiba to avail itself of this Court's jurisdiction by way of its declaratory judgment counterclaims, while at the same time force the Plaintiffs outside of the jurisdiction to depose Toshiba's Rule 30(b)(6) designees. This is especially true as most of the topics to be covered by the Rule 30(b)(6) depositions will be these same Toshiba counterclaims.

### III.   PLAINTIFFS ARE WILLING TO SHARE THE COSTS OF BRINGING WITNESSES TO CHICAGO

Should it come down to a question of finances and costs, Plaintiffs are willing to share in the travel costs of bringing Toshiba's witnesses to Chicago for deposition. Indeed, Plaintiffs' counsel made this very offer to counsel for Toshiba. Toshiba rejected Plaintiffs' offer.

While Toshiba is one of the largest companies in the world, such cost sharing is a routine practice when the issue is raised by the deponent. P.H. Int'l Trading Co., 2004

U.S. Dist. LEXIS 19191 at *7-8; R.F. Barron Corp., 1992 U.S. Dist LEXIS 13067 at *1; Custom Form Mfg., Inc., 196 F.R.D. at 338.  Plaintiffs will not oppose an Order to remunerate Toshiba for half of the travel costs in bringing Rule 30(b)(6) designee(s) here to Chicago for deposition.

IV. **CONCLUSION**

Toshiba's approach to discovery thus far gives Plaintiffs cause for concern should they be forced to take deposition testimony overseas.  As well, the time and costs which will be incurred are prohibitive, especially given the limited availability of location and the restrictive nature of conducting depositions in Japan.  For all of these reasons Plaintiffs request an Order compelling Toshiba to bring its Rule 30(b)(6) designee(s) to Chicago for deposition.

Respectfully Submitted,

/s/Paul C. Gibbons
Raymond P. Niro
Joseph N. Hosteny
Arthur A. Gasey
Paul C. Gibbons
Douglas M. Hall
David J. Mahalek
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois  60602
Telephone:  (312) 236-0733

*Attorneys For New Medium Technologies LLC, AV Technologies LLC, IP Innovation LLC, and Technology Licensing Corporation*

13

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY FROM THE TOSHIBA DEFENDANTS** was filed with the Clerk of the Court using the CM/ECF system on March 20, 2007, which will send notification of such filing to the following at their email address on file with the Court. In addition to service by the Court, a copy has been served by facsimile on the below-listed counsel of record:

**ATTORNEYS FOR MIRANDA TECHNOLOGIES**

Thomas G. Pasternak
R. David Donoghue
DLA Piper, Rudnick, Gray, Cary
203 North LaSalle Street – Suite 1900
Chicago, IL  60601
Telephone:  (312) 368-3916
Facsimile:   (312) 236-7516
tom.pasternak@dlapiper.com
David.Donoghue@dlapiper.com

James M. Heintz
DLA Piper Rudnick Gray Cary US LLP
1200 Nineteenth Street, NW
Washington, DC  20036
Telephone:  (202) 861-4167
Facsimilie:   (202) 223-2085
Jim.heintz@dlapiper.com

**ATTORNEYS FOR BARCO NV**

Daniel J. O'Connor
Edward K. Runyan
Baker & McKenzie
130 East Randolph Drive, Suite 3500
Chicago, IL  60601
Telephone:  (312) 861-8000
Facsimile:   (312) 861-2898
Daniel.j.o'connor@bakernet.com

**ATTORNEYS FOR TOSHIBA**

Paul T. Meiklejohn
Dorsey & Whitney LLP
1420 Fifth Avenue – suite 3400
Seattle, WA 98101-4010
Telephone: (206) 903-8746
Facsimile: (206) 903-8820
Meiklejohn.paul@dorsey.com

Amy Gast O'Toole
Bell Boyd & Lloyd
70 West Madison, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000
emartin@bellboyd.com
aotoole@bellboyd.com

**ATTORNEYS FOR SNYTAX-BRILLIAN CORPORATION**

Maxwell J. Petersen
Kevin D. Erikson
Pauley Petersen & Erikson
2800 West Higgins Road, Suite 365
Hoffman Estates, IL 60169
Telephone: (847) 490-1400
Facsimile: (847) 490-1403
mpetersen@ppelaw.com
kerikson@ppelaw.com

Herman S. Palarz
Darin Margules
Tyre Kamins Katz & Granof
1880 Century Park Easet – Suite 300
Los Angeles, CA 90067
Telephone: 310-553-6822
Facsimile: 310-552-9024
HPalarz@tyrekamins.com
DMargules@tyrekamins.com

**ATTORNEYS FOR LG PHILIPS**

Gustavo G. Siller, Jr.
James R. Sobieraj
Mircea A. Tipescu
Brinks, Hofer, Gilson & Lione
455 North Cityfront Plaza Drive
Suite 3600
Chicago, IL 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299
gsiller@usebrinks.com
jsobieraj@usebrinks.com
mtipescu@usebrinks.com


  /s/ Paul C. Gibbons