# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NEW MEDIUM LLC, AV TECHNOLOGIES, LLC, J. CARL COOPER, PIXEL INSTRUMENTS CORPORATION, IP INNOVATION LLC, and TECHNOLOGY LICENSING CORPORATION, *Plaintiffs*, v. BARCO N.V., and SYNTAX-BRILLIAN CORPORATION, *Defendants*. | No. 05 C 5620 Judge Richard A. Posner Sitting by designation |

## MEMORANDUM OPINION

On October 16, 2008 I declared U.S. Patents Nos. 5,424,780 and 6,529,637 unenforceable for inequitable conduct. In the prosecution of the '780 and '637 patents, J. Carl Cooper, a plaintiff in this case and the principal of New Medium, knowingly and falsely represented to the Patent Examiner that he had "never met or talked with" the author of one of his four supporting expert declarations, Kevin Klughart. Contrary to Cooper's assertion, he had solicited a project proposal from Klughart earlier that year. After I declared the '780 and '637 patents unenforceable I denied as moot Barco's motion for partial summary judgment of unenforceability for inequitable conduct. In that motion Barco had requested partial summary judgment for the two patents I declared unenforceable as well as a third, related patent: U.S. Patent No. 6,870,964. Since my opinion of October 16, 2008 discussed only the '780 and '637 patents, Barco has asked me to reconsider my order and to declare the '964 patent unenforceable under the doctrine of "infectious unenforceability."

The '780, '637, and '964 patents are all from the same patent family. The '964 patent is a divisional patent, which means that it was a "later application for an independent or distinct invention, carved out of a pending application." *Manual of Patent Examining Procedure* § 201.06; see also 35 U.S.C. § 121 ("if two or more independent and distinct inventions are claimed in one application, the [Patent Office] may require the application to be restricted to one of the inventions"). That pending application was the '637 patent, which was itself a continuation in part of the '780 patent. The '964 patent is currently under reexamination by the Patent Office, which Plaintiffs state without contradiction has been notified of my opinion declaring the '780 and '637 patents unenforceable.

Barco has not alleged that Cooper made false representations during the prosecution of the '964 patent. Cooper did not submit the Klughart declaration in that proceeding. But the doctrine of infectious unenforceability provides that inequitable conduct that occurs in the prosecution of one patent can cause related patents and patent applications to be declared unenforceable as well. Tom Brody, "Duty to Disclose: *Dayco Products v. Total Containment*," 7 *John Marshall Rev. of Intellectual Property L.* 325, 362 (2008) ("infectious unenforceability requires that there be an immediate and necessary relation between the claims in the patent where inequitable conduct is found, and the claims in the related patent"). The doctrine makes sense: to prevent a patent owner from benefiting from his misconduct, any claims that were accepted because of that misconduct must be voided, even if they are in a different patent.

Cooper submitted Klughart's declaration during the reexamination of the '780 and '637 patents in order to overcome the examiner's concern that certain claims in those patents had been anticipated by a prior patent (the Shinya patent) that "discloses an apparatus for improving the apparent resolution of an image…displayed by a printer device." To demonstrate that his patent was unique, Cooper submitted Klughart's declaration along with similar declarations of three other experts. Klughart summarized the scope of his analysis as follows: "The specific issue addressed in this document are the claims in the '780 patent which call for 'improving the apparent resolution' of a video display system and whether these claims are anticipated by the disclosure of the [Shinya patent]." So Barco would have a powerful case for declaring the '964 patent unenforceable if it could show that at some point during its prosecution the examiner had noticed that some of the claims in that patent were very similar to claims in the '780 and '637 patents, and had relied on Klughart's declaration in concluding that, like those patents, the '964 patent was not anticipated by the Shinya patent. See *Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1332 (Fed. Cir. 1998). But Barco has not presented evidence of such reliance. It does point out that a patent examiner

recently found that the Shinya patent is relevant to claim 10 of the '964 patent, which describes "a method for displaying an enhanced version of an image conveyed by a signal." But nowhere does that examiner mention "apparent resolution," the focus of Klughart's declaration.

Barco's primary argument is that the '964 patent should be declared unenforceable simply because it shares subject matter with the other patents. Barco has submitted a chart which compares the text of claim 1 of the '780 patent with the text of claim 1 of the '964 patent. Although there is substantial overlap in the language, there are also differences. Claim 1 of the '780 patent describes a "display device," while claim 1 of the '964 patent describes a "video display device." Claim 1 of the '780 patent discusses "improving the apparent resolution of the image without requiring an increase in the number of image elements originally making up the image"; claim 1 of the '964 does not include have language.

The Federal Circuit has indicated that similar subject matter in related patents is not necessarily "infectious." See *Pharmacia Corp. v. Par Pharmaceutical, Inc.*, 417 F.3d 1369, 1373–75 (Fed. Cir. 2005), which held that a finding of inequitable conduct did not infect the second of two patents defining very similar inventions and joined by a terminal disclaimer. (When the only differences between two patents owned by the same inventor are obvious variations of a common invention, the Patent Office will allow the second patent only if the original expiration date, the date on which the invention was originally scheduled to be released to the public domain, governs both patents; that restriction is called a terminal disclaimer.) Barco has not explained how the invention described in the '964 patent overlaps with the inventions in the '780 and '637 patents. Plaintiffs argue that the omission of the word "video" in claim 1 of the '780 patent is critical because it shows that, unlike the corresponding claim in the '780 patent, which refers to display devices generically, including printer technology like that covered in the Shinya patent, the '964 patent was narrowed to just video displays. Without an alternative explanation, this suggests that the Klughart declaration was relevant to the differences, not similarities, between the patents. In its reply brief, Barco also points out that at one point Plaintiffs' lawyer wrote that the '964 patent "[covers] all of the subject matter contained within [the '637 patent]." But five years passed between the date of that letter and the date the '964 patent was issued, and Barco has not shown where in the final '964 patent there is overlap with the '637 patent.

Finally, Barco argues that the '964 patent should be struck down because its life depends on its ability to adopt the priority date of U.S. Patent No. 07/355,461, which was filed on May 22, 1989 and has since been abandoned. That patent is the parent of the '780 patent, and Barco asserts, with some evidence in

the prosecution history, that without the May 1989 priority date nearly all of the claims in the '964 patent would have been rejected as anticipated by an earlier invention, which Barco refers to as the Campbell patent. Barco further argues that without the '780 and '637 patents, the chain between the '964 patent and the original '461 patent would have been broken, and the '964 patent would not have been eligible for the earlier priority date. This argument makes some sense but it is inappropriate to resolve on a motion for partial summary judgment for inequitable conduct. This is not the kind of reliance on account of which inequitable conduct can spread from one patent to another, and the record is undeveloped as to the extent to which the '964 patent depends on the other two.

Declaring a patent unenforceable for inequitable conduct is a matter of considerable discretion, *Molins PLC v. Textron*, 48 F.3d 1172, 1178 (Fed. Cir. 1995) ("The ultimate determination of inequitable conduct is committed to the trial judge's discretion and is reviewed by this court under an abuse of discretion standard."), and I must select a sanction that fits the crime. Cooper's misconduct was isolated and related only to a specific term mentioned in a subset of claims. I have declared the '780 and '637 patents unenforceable because they contained those claims and were obtained through a deliberate lie. But the '964 patent has no such strike against it. It is, in Barco's opinion, guilty by association. In its post-hearing brief Barco said that "[t]he normal remedy for inequitable conduct is to render unenforceable all the claims of at least the patents *directly involved in the inequitable conduct*, which in this case would be the '780 and '637 patents" (emphasis added). I agree and, more importantly, so does the Federal Circuit. See *Pharmacia Corp. v. Par Pharmaceutical, Inc., supra*, 417 F.3d at 1375 ("This court's inequitable conduct cases do not extend inequitable conduct in one patent to another patent that was not acquired through culpable conduct."). Cooper's conduct was reprehensible, but based on the evidence provided by Barco, it warrants no more the normal remedy.

Barco's motion to reconsider [862] is denied.

SO ORDERED.

*[signature: Richard A. Posner]*

United States Circuit Judge,
Sitting by designation

March 18, 2009